# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

SHANIQUE HEADLEY,

Plaintiff,

v.

NEW YORK STATE OFFICE OF MENTAL HEALTH and CREEDMOOR PSYCHIATRIC CENTER,

Defendants.

Civil Action No. _____



**26-cv-03635**

**Kuo, MJ**

# COMPLAINT FOR DISABILITY DISCRIMINATION, RETALIATION, AND PREGNANCY DISCRIMINATION; JURY DEMAND

Plaintiff Shanique Headley, proceeding pro se, alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.
2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.
3. Venue is proper in the Eastern District of New York because the events giving rise to this action occurred in Queens County, New York.
4. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 520-2025-00699.
5. Plaintiff received a Notice of Right to Sue dated March 19, 2026, and has commenced this action within ninety (90) days of receipt of that notice.

REC'D IN PRO SE OFFICE
JUN 17 '26 AM 10:21

## II. PARTIES

6. Plaintiff Shanique Headley is a resident of Queens County, New York.
7. Plaintiff was employed as a Registered Nurse by Defendants from on or about July 11, 2024 through on or about September 27, 2024.
8. Defendant New York State Office of Mental Health ("OMH") is an agency of the State of New York and was Plaintiff's employer within the meaning of the ADA and Title VII.
9. Defendant Creedmoor Psychiatric Center ("Creedmoor") is a psychiatric facility operated by OMH and was Plaintiff's assigned workplace.

## III. FACTUAL ALLEGATIONS

10. Plaintiff began employment with Defendants as a Registered Nurse on or about July 11, 2024.
11. Plaintiff has been diagnosed with schizophrenia, which constitutes a disability within the meaning of the Americans with Disabilities Act ("ADA").
12. Plaintiff was qualified to perform the essential functions of her position as a Registered Nurse.
13. On or about July 30, 2024, Plaintiff submitted a request for reasonable accommodation through Defendants' accommodation process related to her medical condition. Plaintiff requested that she not be penalized if she required occasional time off due to symptoms associated with her condition.
14. Plaintiff's healthcare provider certified that Plaintiff had no functional limitations preventing her from performing the essential duties of her Registered Nurse position. Plaintiff's provider further indicated that Plaintiff should be permitted to take time off if she was not feeling well due to her medical condition without adverse consequences related to such absences.
15. On or about September 4, 2024, Defendants denied Plaintiff's accommodation request.
16. Plaintiff continued performing her nursing duties following the denial of her accommodation request.
17. Plaintiff's initial probationary evaluation reflected satisfactory performance, satisfactory attendance, compliance with policies and procedures, and no reported interpersonal issues. Defendants recommended continuation of Plaintiff's probationary employment rather than termination.
18. During the latter portion of her probationary employment, Plaintiff received criticism regarding various workplace incidents.
19. Plaintiff disputes the accuracy of many of the allegations contained in the probationary reports and maintains that several of the alleged deficiencies did not accurately reflect her job performance.
20. On or about September 26, 2024, Plaintiff disclosed to Nursing Supervisor Gean Allonce that she had schizophrenia and was pregnant.

21. Plaintiff believes this was the first occasion on which Mr. Allonce became aware of her schizophrenia and pregnancy diagnosis. Plaintiff further believes this information was shared with the managers responsible for the unit.
22. Plaintiff disclosed her schizophrenia diagnosis and pregnancy while discussing a workplace incident involving misplaced medication room keys. Plaintiff explained that she was feeling overwhelmed and stressed during the discussion. Plaintiff was being blamed for the misplaced keys. However, the keys were found with another staff.
23. On or about September 27, 2024, approximately one day after disclosing her schizophrenia diagnosis and pregnancy to Mr. Allonce, Plaintiff was presented with a negative probationary report, and her employment was terminated by her managers.
24. Prior to the September 27, 2024, meeting, Plaintiff had not been informed that her employment would be terminated.
25. Plaintiff alleges the reasons provided for her termination were not the true reasons for the adverse employment action.
26. Plaintiff alleges that her disclosure of her schizophrenia diagnosis and pregnancy on September 26, 2024, were motivating factors in Defendants' decision to terminate her employment.
27. As a direct result of Defendants' actions, Plaintiff suffered lost wages, lost employment benefits, emotional distress, humiliation, embarrassment, and other damages.
28. Plaintiff initiated contact with the EEOC concerning her discrimination claims in or about October 2024, shortly after her termination, and diligently pursued the EEOC administrative process thereafter.

# COUNT I

# ADA DISABILITY DISCRIMINATION

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.
30. Plaintiff is a qualified individual with a disability within the meaning of the ADA.
31. On or about September 26, 2024, Plaintiff disclosed her schizophrenia diagnosis to Nursing Supervisor Gean Allonce.
32. Plaintiff was terminated on or about September 27, 2024.
33. Plaintiff alleges that her disability and disclosure of her schizophrenia diagnosis were motivating factors in Defendants' decision to terminate her employment.
34. Defendants' conduct violated the Americans with Disabilities Act.

# COUNT II

# ADA RETALIATION

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.
36. Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation and disclosing her disability in connection with seeking workplace protections.
37. Defendants were aware of Plaintiff's request for accommodation.
38. On or about September 26th, 2024, Plaintiff's disability was disclosed.
39. Defendants subjected Plaintiff to an adverse employment action by terminating her employment.
40. The close temporal proximity between Plaintiff's disclosure of her disability and her termination supports an inference of retaliatory motive.
41. Defendants' actions violated the anti-retaliation provisions of the ADA.

# COUNT III

# PREGNANCY DISCRIMINATION

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.
43. Plaintiff disclosed her pregnancy to management on or about September 26, 2024 to Nursing Supervisor Gean Allonce.
44. Plaintiff was terminated on or about September 27, 2024.
45. Plaintiff alleges that her disclosure of pregnancy on September 26, 2024, was a motivating factor in Defendants' decision to terminate her employment.
46. Defendants' actions violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

# DAMAGES

47. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered:

a. Lost wages and employment benefits;

b. Loss of future earnings and employment opportunities;

c. Emotional distress;

d. Mental anguish;

e. Humiliation and embarrassment;

f. Other compensatory damages allowed by law.

---

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award back pay, including lost wages, benefits, and other employment-related compensation;

C. Award front pay;

D. Order reinstatement to Plaintiff's former position or a substantially equivalent position, or alternatively award front pay in lieu of reinstatement;

E. Award compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, and other non-economic losses;

F. Award pre-judgment and post-judgment interest as permitted by law;

G. Award costs of this action;

H. Award reasonable attorney's fees and litigation expenses as permitted by applicable law;

I. Grant such other and further relief as the Court deems just and proper.

---

# JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**Shanique Headley**
117-14 228th Street
Cambria Heights, NY 11411

(917) 478-2897
missheadley95@gmail.com

**Plaintiff Pro Se**

Date: ~~06/11/2026~~ 06/17/2026

Headley, Pro Se

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

### Eastern District of New York

|  |  |
|---|---|
| Shanique Headley | ) |
| *Plaintiff(s)* | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| New York State Office of Mental Health and Creedmoor Psychiatric Center | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Creedmoor Psychiatric Center
79-25 Winchester Boulevard
Queens Village, NY 11427

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Shanique Headley, Pro Se
117-14 228th street
Cambria Heights, NY 11411

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

### BRENNA B. MAHONEY
*CLERK OF COURT*

Date: _____

_____

_____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

'I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

'I left the summons at the individual's residence or usual place
of abode with *(name)*  _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

'I served the summons on *(name of individual)*  , who is _____

_____ on *(date)* _____ ; or

' I returned the summons unexecuted because _____ ; or

' Other *(specify):*
designated by law to accept service of process on behalf of *(name of organization)*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_Server's signature_

_Printed name and title_

_Server's address_

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of New York

| | |
|---|---|
| Shanique Headley | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| New York State Office of Mental Health and Creedmoor Psychiatric Center | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

New York State Office of Mental Health
44 Holland Avenue
Albany, NY 12229

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Shanique Headley, Pro Se
117-14 228th street
Cambria Heights, NY 11411

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

## BRENNA B. MAHONEY
*CLERK OF COURT*

Date: _____

_____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

' I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

' I left the summons at the individual's residence or usual place     _____
of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

' I served the summons on *(name of individual)*     , who is _____

_____ on *(date)* _____ ; or

' I returned the summons unexecuted because _____ ; or

' Other *(specify):*
designated by law to accept service of process on behalf of *(name of organization)*

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
_Server's signature_

_____
_Printed name and title_

_____
_Server's address_

Additional information regarding attempted service, etc:

JS 44  (Rev. 03/24)    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Headley, Shanique, Y | New York State Office of Mental Health and Creedmoor Psychiatric Center |

**(b)** County of Residence of First Listed Plaintiff   Queens County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Albany County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shanique Headley, Pro Se
117-14 228th street
Cambria Heights, NY 11411

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | / [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | |
| | / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101 et seq. (Americans with Disabilities Act) and 42 U.S.C. § 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act)

Brief description of cause: Disability discrimination, disability retaliation, and pregnancy discrimination arising from Plaintiff's termination of employment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $ : To Be Determined
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  06/16/2026

SIGNATURE OF ATTORNEY OF RECORD  Headley, Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Case 1:26-cv-03635-PK    Document 1    Filed 06/17/26    Page 14 of 14 PageID #: 14

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.